

*U.S. Department of Justice*

*United States Attorney*
*District of Maryland*

*Adeyemi O. Adenrele*　　　　　　　　　　　　　　*Suite 400*　　　　　　　　　　　　*DIRECT: 410-209-4819*
*Assistant United States Attorney*　　　　　　　　*36 S. Charles Street*　　　　　　*MAIN: 410-209-4800*
*Adeyemi.Adenrele@usdoj.gov*　　　　　　　　　　*Baltimore, MD 21201-3119*　　*FAX: 410-962-2310*

July 18, 2025

**VIA ECF**

The Honorable Deborah K. Chasanow
United States District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

  Re: *United States v. Tiffany Fowlkes, et al.*
     Criminal No. DKC-24-126

Dear Judge Chasanow:

  I write in advance of sentencing in the above matter, scheduled for August 1, 2025 at 11:00 a.m. to provide the Court with the Government's position. With respect to Defendant Tiffany Fowlkes, the Government recommends sixty months of incarceration.

  **I.** **Factual Background**

  In early March 2023, the Baltimore County Police Department ("BCPD") began its investigation into the Defendant Tiffany Fowlkes and her co-Defendant Thomas Cummings-El, Jr. As part of that investigation, BCPD conducted several purchases of controlled substances from the Defendants between March and August 2023. At times, confidential informants conducted the controlled buys whereas other times undercover agents conducted them.

  For every buy that included a UC, there is an audio recording of the conversations between the UC and Defendant Tiffany Fowlkes, or her co-defendant, leading up to the buy as well as during the buy itself. During those conversations, the UC used coded language to refer to narcotics, including "boy," "girl," and "hard." During the buys involving Defendant Fowlkes, she recognized those terms and provided narcotics accordingly. Below is a chart that provides relevant information for each buy. The charged buys and other buys that develop Defendant Fowlkes' participation are discussed in further detail as well.

| Date of Buy | UC, CI, or Both | Cummings-El or Fowlkes | Drugs Purchased (Total Weight) | Audio/Video | Charged? |
|---|---|---|---|---|---|
| 3/23/2023 | CI | Fowlkes | Fentanyl (2.04 grams) Cocaine (0.55 grams) | No | No |
| 4/14/2023 | CI | Cummings-El | Cocaine (1.2 grams) | No | No |
| 5/4/2023 | Both | Fowlkes | Fentanyl (3.6 grams) Cocaine (0.82 grams) | No | No |
| 5/17/2023 | UC | Cummings-El | Fentanyl (2.59 grams) Cocaine (0.93 grams) | Audio | No |
| 6/7/2023 | UC | Fowlkes | Fentanyl/Cocaine (0.7 grams) Cocaine (1.02 grams) | Audio | Yes |
| 6/29/2023 | UC | Cummings-El | Fentanyl (1.82 grams) Cocaine (0.58 grams) | Audio | No |
| 7/13/2023 | UC | Cummings-El | Fentanyl (2.24 grams) Cocaine (0.5 grams) | Audio | No |
| 8/8/2023 | Two UCs | Cummings-El | Fentanyl/Cocaine (3.85 grams) Cocaine (0.87 grams) | Audio | No |
| 8/17/2023 | UC | Cummings-El | Fentanyl/Cocaine (4.59 grams) | Audio/Video | Yes |
| 8/30/2023 | UC | Cummings-El | Fentanyl (4.07 grams) Cocaine (0.86 grams) | Audio | No |

The first buy occurred in March 2023. During the interaction between Defendant Cummings-El and the CI, he told the CI to meet with a woman that works with him. When the CI met with the woman, investigators did not know who she was but she did sell the CI six capsules of fentanyl with a total weight of 2.04 grams and a bag of cocaine with a total weight of 0.55 grams.

Investigators eventually learned that this woman was Defendant Fowlkes because during the next buy with the CI, Cummings-El drove a 2003 Mazda that was registered to Fowlkes. Based on the registration, the CI confirmed that the MVA photo for Fowlkes was the same person that sold her the drugs. The controlled buys on May 4 and June 7 occurred in a similar manner.

On June 22, 2023, Defendant Fowlkes was arrested by local police and charged with possession with intent to distribute. She was pulled over for vehicle registration issues and K9 scan was conducted on her vehicle which positively alerted to the presence of narcotics. Officers searched the vehicle and found a digital scale and $360. Then, they searched her person and found a baggie with 10 capsules under her breast. Defendant Fowlkes pleaded guilty to state charge on April 4, 2023.

On September 8, 2023, investigators executed search warrants on Defendant Cummings-El's residence, among other locations, and seized large amounts of controlled substances. After

the Baltimore County laboratory tested and weighed these substances, it determined that they were cocaine and fentanyl with a total weight of more than 400 grams and 100 grams, respectively. In her federal plea agreement, Defendant Fowlkes stipulated and agreed that the amount of cocaine and fentanyl seized from Defendant Cummings-El's apartment was reasonably foreseeable to her as part of the conspiracy and that she knowingly and voluntarily involved herself in.

## II. Criminal History

According to the Presentence Investigation Report ("PSR"), Defendant's criminal history score is eight, dictating his criminal history category as IV. PSR (ECF No. 77) ¶ 41. The Government does not object to the PSR's criminal history analysis.

## III. Sentencing Guidelines Calculation

The PSR notes that Defendant's Total Offense Level is 21. PSR ¶ 25. It reaches this conclusion after allocating a base offense level of 24 because the amount of fentanyl seized by law enforcement and attributable to the Defendant was at least 100 kilograms and less than 400 kilograms of converted drug weight. PSR ¶ 16. The Defendant accepted responsibility and timely notified authorities of her intention to plead guilty. PSR ¶¶ 22-23. This led to a decrease of three points and a total offense level of 21. *Id.*

## IV. Recommendation

The Government plans to recommend that a sentence of sixty months is sufficient, but not greater than necessary, to meet the requirements of 18 U.S.C. § 3553 in this case. The sentence is appropriate in this matter because of the Defendant's serious criminal conduct. However, given that the Defendant Cummings-El was sentenced to seventy-two months of incarceration, the Government believes that a sixty month term of incarceration for Defendant Fowlkes, followed by a period of supervised release, will afford adequate deterrence for future criminal conduct and provide her with an opportunity to rejoin society as a productive member. Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors. The Government, of course, looks forward to addressing this matter and the application of the factors under 18 U.S.C. § 3553 – further at sentencing.

Sincerely,

Kelly O. Hayes
United States Attorney

_____/s/_____
Adeyemi Adenrele
Assistant United States Attorney

cc: Alan Bussard, via ECF